CLERK'S OFFICE U.S. DIST COURT
AT CHARLOTTESVILLE, VA
FILED

MAY 14 2008

JOHN F. CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| Edwin J.G. Rust and Susan Rust,<br><br>*Plaintiffs,*<br><br>v.<br><br>CommerceFirst Bank,<br>*Defendant.* | CIVIL ACTION NO. 3:07cv00052<br><br>MEMORANDUM OPINION AND ORDER<br><br>JUDGE NORMAN K. MOON |

This matter is before the Court on the defendant's motion to dismiss the Complaint, pursuant to Federal Rule of Civil Procedure 12(b)(2), for lack of personal jurisdiction or, in the alternative, to transfer venue to the District of Maryland (docket entry no. 8, 22). The defendant argues that this Court does not have personal jurisdiction over it under the Virginia Long-Arm Statute because it has not transacted business in the Commonwealth of Virginia. Alternatively, it asserts that venue is more properly held in the District of Maryland because the majority of the witnesses and evidence in this matter are located in Maryland. For the following reasons, I will DENY its motion to dismiss and will also DENY its motion to transfer to Maryland.

## I. BACKGROUND

The plaintiffs, Edwin and Susan Rust, are residents of Nelson County, Virginia, and the sole directors of NSR Electrical, Inc. ("NSR"), a forfeited Maryland corporation. Mr. and Mrs. Rust have filed suit against CommerceFirst Bank ("CommerceFirst"), a Maryland banking corporation with its principal place of business in Annapolis, Maryland regarding a loan executed by NSR and personally guaranteed by the Rusts.

Mr. and Mrs. Rust executed commercial guarantees with CommerceFirst on August 31,

2001, March 20, 2003, and May 1, 2003, in which they guaranteed payment of a $650,000 loan by CommerceFirst to NSR. Mr. and Mrs. Rust also granted CommerceFirst a security interest in real property located in Wintergreen, Virginia and in a life insurance policy of Mr. Rust issued by Nationwide Mutual Insurance Company.

NSR subsequently defaulted on its loan in September 2004 and CommerceFirst assumed control of its assets, including its accounts receivable. The NSR accounts receivable consisted of approximately $430,000 owed for work performed by NSR on construction projects in Virginia and elsewhere. CommerceFirst was unable to collect sufficient money to satisfy NSR's obligation, however, and as a result, Mr. and Mrs. Rust entered into a forbearance agreement with CommerceFirst on July 15, 2005, in which CommerceFirst agreed to continue its efforts to collect on the debts owed to NSR so long as Mr. Rust assisted in those efforts. CommerceFirst also agreed, pursuant to the forbearance agreement, to release its lien on the Rusts' Wintergreen residence upon tender of a sum equal to ninety percent of its appraised value, less the amount necessary to pay a priority lien held by Washington Mutual.

CommerceFirst again did not collect sufficient funds to satisfy NSR's obligation, and Mr. and Mrs. Rust subsequently filed for bankruptcy. In December 2006, Mr. and Mrs. Rust tendered to CommerceFirst a sum equal to ninety percent of the appraised value of their Wintergreen residence, less the amount necessary to pay the priority lien. CommerceFirst declined to release its deed of trust, however, and advised that it preferred to await Mr. Rust's death and collect on his insurance policy and/or foreclose on his residence. As a result, Mr. and Mrs. Rust filed suit in the Circuit Court of Nelson County, Virginia seeking, among other things, a judicial release of the lien on their home.

CommerceFirst removed the case to this court and filed a motion to dismiss, pursuant to

2

Federal Rule of Civil Procedure 12(b)(2), for lack of personal jurisdiction or, in the alternative, a motion to transfer to the District of Maryland. Specifically, CommerceFirst argues that it has no employees or agents in Virginia and has never conducted any business in Virginia, and, therefore, is not subject to personal jurisdiction in Virginia. Mr. and Mrs. Rust amended their Complaint and allege jurisdiction pursuant to Va. Code § 8.01-328.1(A)(6) because CommerceFirst has an interest in real property located in Virginia. CommerceFirst renewed its motion to dismiss and also asserts that venue is improper in the Western District of Virginia because it does not reside in Virginia, a substantial part of the events giving rise to the claim did not occur in Virginia, and it is not subject to personal jurisdiction in Virginia.

## II. DISCUSSION

*A. The Court May Exercise Personal Jurisdiction over CommerceFirst Bank*

Federal Rule of Civil Procedure 12(b)(2) permits dismissal of an action where the court lacks the requisite personal jurisdiction over the defendant. When a defendant challenges personal jurisdiction under Rule 12(b)(2), the plaintiff bears the burden of proving the grounds for jurisdiction by a preponderance of the evidence. *Combs v. Bakker*, 886 F.2d 673, 676 (4th Cir. 1989). The plaintiff need only make a prima facie showing of jurisdiction, however, if the Court decides a Rule 12(b)(2) motion without conducting an evidentiary hearing or without deferring ruling pending receipt of evidence at trial. *In re Celotex Corp.*, 124 F.3d 619, 628 (4th Cir. 1997). In the absence of such evidence, the Court will construe all relevant pleading allegations in the light most favorable to the plaintiff, and draw the most favorable inferences for the existence of jurisdiction. *Combs*, 886 F.2d at 676.

The Court performs a two-step inquiry to determine whether it has personal jurisdiction over a defendant. First, it considers whether the state's long-arm statute authorizes jurisdiction. *Mitrano*

3

*v. Hawes*, 377 F.3d 402, 406 (4th Cir. 2004). Second, it determines whether the assertion of jurisdiction complies with the constitutional requirements for due process. *Id.* The two inquiries are interrelated in this case, however, because the Virginia long-arm statute extends personal jurisdiction to the extent permitted by the Due Process Clause. *Peanut Corp. of Am. v. Hollywood Brands, Inc.*, 696 F.2d 311, 313 (4th Cir. 1982); *see also John G. Kolbe, Inc. v. Chromodern Chair Co.*, 180 S.E.2d 664, 667 (Va. 1971) ("It is manifest that the purpose of Virginia's long arm statute is to assert jurisdiction over nonresidents who engage in some purposeful activity in this State to the extent possible under the due process clause.").

1. Virginia Long-Arm Statute Confers Jurisdiction over CommerceFirst

The Virginia Long-Arm Statute provides that a court may exercise personal jurisdiction "over a person . . . as to a cause of action arising from the person's . . . having an interest in, using, or possessing real property" in Virginia.[1] Va. Code. Ann. § 8.01-328.1(A)(6). Any interest in real property in the forum state is sufficient to convey personal jurisdiction so long as there is a direct relationship between that interest and the cause of action or the claim for relief. *See, e.g., Shaffer v. Heitner*, 433 U.S. 186, 207–08 (1977) ("[W]hen claims to the property itself are the source of the underlying controversy between the plaintiff and the defendant, it would be unusual for the State where the property is located not have jurisdiction."); *Carmichael v. Snyder*, 164 S.E.2d 703, 706 (Va. 1968).

Here, it is indisputable that CommerceFirst has a security interest in real property located in Virginia and that several of the Rusts' claims for relief arise from that security interest. Mr. and

---

[1] Mr. and Mrs. Rust have also asserted that personal jurisdiction exists because CommerceFirst transacted business in Virginia under Va. Code § 8.01-328.1(A)(1). I need not consider this argument, however, because I find personal jurisdiction appropriate pursuant to Va. Code § 8.01-328.1(A)(6).

4

Mrs. Rust ask this court in their complaint to, among other things, order the judicial release of CommerceFirst's deed of trust on their Wintergreen residence, provide declaratory and injunctive relief declaring that NSR's debt is paid in full and extinguishing the liens on the Wintergreen property, and award damages for CommerceFirst's alleged infliction of emotional distress from its refusal to release its deed of trust and threat to foreclose upon the Wintergreen property upon Mr. Rust's death. These claims for relief are directly related to CommerceFirst's security interest in the Rusts' Wintergreen property, and therefore, satisfy the requirements of the Virginia Long-Arm Statute.[2] *See* Va. Code. Ann. § 8.01-328.1(A)(6); *see also Boykin v. Carvalho*, 14 Va. Cir. 93, 94 (1988) ("[T]he Court is of the opinion that the holders of a promissory note, the payment of which is secured by the lien of a deed of trust on real property in this Commonwealth, have such an interest in that real property as will authorize this Court to exercise personal jurisdiction . . . .").

2. Personal Jurisdiction over CommerceFirst Does Not Violate Due Process

Even if the Virginia long-arm statute confers jurisdiction, the exercise of that jurisdiction must still comport with due process. This inquiry requires the Court to determine if the defendant had sufficient "minimum contacts" with Virginia that the exercise of personal jurisdiction over him would not "offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (quoting *Milliken v. Meyer*, 311 U.S. 457, 463 (1940)). The determination of whether a party has sufficient "minimum contacts" requires consideration of

---

[2]The Court will exercise its pendant personal jurisdiction over the Rusts' other claims that tangentially relate to CommerceFirst's security interest in the Wintergreen property. *See ESAB Group Inc. v. Centricut, Inc.*, 126 F.3d 617, 628 (4th Cir. 1997); *see also Miller v. SMS Schloemann-Siemag, Inc.*, 203 F. Supp. 2d 633, 642–43 & n.7 (S.D. W.Va. 2002) (explaining that pendant personal jurisdiction applies to all state law claims in which jurisdiction exists for at least one substantial state claim and where the remaining claims arise from a common nucleus of operative facts). This assumes, of course, that the Court does not have personal jurisdiction over these claims under Va. Code § 8.01-328.1(A)(1), which the Court does not find.

5

"(1) the extent to which the defendant purposefully availed itself of the privilege of conducting activities in the State; (2) whether the plaintiff's claims arise out of those activities directed at the state; and (3) whether the exercise of jurisdiction would be constitutionally reasonable." *Mitrano*, 377 F.3d at 407. In short, due process protects the defendant from having to defend itself in a forum in which he could not have anticipated being sued. *World-Wide Volkswagen Corp. v. Woodsen*, 444 U.S. 286, 297 (1980). Therefore, the defendant's actions must have been "directed at the forum state in more than a random, fortuitous, or attenuated way" in order to justify the exercise of jurisdiction over it. *ESAB Group, Inc.*, 126 F.3d at 625.

In this case, I find that CommerceFirst has availed itself of the benefits and protections of Virginia law by assuming a security interest in real property located within Virginia. *See Shaffer*, 433 U.S. at 207–08 ("[T]he defendant's claim to property located in [Virginia] would normally indicate that [it] expected to benefit from the State's protection of [its] interest. The State's strong interests in assuring the marketability of property within its borders . . . would also support jurisdiction."); *see also City of Va. Beach, Va. v. Roanoke River Basin Ass'n*, 776 F.2d 484, 488 (4th Cir. 1985) ("The requirement that a defendant have an interest in, use, or possess real property in Virginia connotes that through his connection with such property a defendant has availed himself of the 'protection of the laws of Virginia and the machinery which is provided incident to real estate transactions.') (quoting *Carmichael*, 164 S.E.2d at 706). In addition, the Rusts' claims in this matter directly arise from CommerceFirst's security interest in this real property. Further, CommerceFirst could reasonably anticipate being sued in Virginia from its assumption of a security interest in real property located in Virginia. Accordingly, I find it reasonable to exercise personal jurisdiction over CommerceFirst in this case.

6

### B. Venue in the Western District of Virginia Is Proper

CommerceFirst initially argued that venue in this district is improper under 28 U.S.C. § 1391(a), but now concedes that 28 U.S.C. § 1391(a) does not apply in this case. Section 1391(a) limits the district in which a case may be "brought," but where a matter has been removed from state court, it is § 1441(a), not § 1391(a), that governs the proper venue. *Polizzi v. Cowles Magazines, Inc.*, 345 U.S. 663, 665 (1953). Section 1441(a) provides that a civil action filed in state court may be removed "to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Mr. and Mrs. Rust filed this action in the Circuit Court of Nelson County, Virginia, which is clearly embraced by the Charlottesville Division of the Western District of Virginia. (Amended Standing Order Re: Divisions, Jan. 30, 1992.) As a result, venue is proper in this district for this action and, therefore, CommerceFirst's motion to dismiss for improper venue is denied.

### C. CommerceFirst Is Unable to Overcome the Presumption in Favor of This Forum

In the alternative, CommerceFirst asks the Court to transfer this matter, pursuant to 28 U.S.C. § 1404(a), to the District of Maryland. Section 1404(a) provides district courts with the discretionary authority to transfer a civil action to any other district or division where it might have been brought for the convenience of the parties and witnesses, and in the interest of justice. 28 U.S.C. § 1404(a). The statutory factors to consider in evaluating a motion to transfer are quite general, however, and federal courts in Virginia have held therefore that the same factors relevant to a forum non conveniens determination should also be considered in evaluating a § 1404(a) motion, including (1) the plaintiff's choice of forum; (2) the relative ease of access to sources of proof; (3) the availability of compulsory process for attendance of unwilling witnesses; (4) the cost of obtaining attendance of willing witnesses; (5) the possibility of viewing premises, if applicable;

7

(6) all other practical problems that make trial of a case easy, expeditious, and inexpensive; and (7) factors of public interest, including the relative congestion of court dockets and a preference for holding a trial in the community most affected. *Terry v. Walker*, 369 F. Supp. 2d 818, 822 (W.D. Va. 2005) (citing *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508–09 (1947)). The plaintiff's choice of forum is given substantial deference by the Court, and the defendant bears the burden of proving that convenience and justice weigh in favor of a transfer to another forum. *Id.*

1. Plaintiff's Choice of Forum

The Rusts' choice of forum weighs heavily against a transfer to Maryland. Mr. and Mrs. Rust reside in Virginia and have filed this suit to force CommerceFirst to relinquish its deed of trust on their residence in Virginia. Accordingly, the Rusts' choice of a Virginia forum is given substantial consideration. *See Owner-Operator Indep. Drivers Ass'n, Inc. v. N. Am. Van Lines, Inc.*, 382 F. Supp. 2d 821, 824 (W.D. Va. 2005) (explaining that plaintiff's choice of forum is given considerable deference when that forum is the district in which the plaintiff resides and where there is a close nexus between the forum and the underlying claim).

2. Relative Ease of Access to Sources of Proof

This factor weighs neither for or against a transfer to Maryland. The documents at issue—the NSR loan agreements and the forbearance agreement—were executed in Maryland and presumably are located in Maryland. These documents are easily available in electronic form, however, as indicated by CommerceFirst's attachment of the documents to their motions to dismiss filed on the Court's electronic case filing system. As a result, there is little reason to think that the sources of proof in this matter cannot be moved or effectively copied easily.

3. Availability of Compulsory Process fo Attendance of Unwilling Witnesses

This factor is not at issue in this case. Many of the witnesses that reside in Maryland are

8

employees of CommerceFirst Bank, and presumed to be obedient to its commands. Therefore, CommerceFirst, as a party to this litigation, can ensure their testimony. *See, e.g., Mead Corp. v. Oscar J. Boldt Constr. Co.*, 508 F. Supp. 193, 199 (S.D. Ohio 1981)

4. Cost of Obtaining Attendance of Willing Witnesses

The expense involved in having this matter decided in Virginia rather than Maryland does not weigh for or against transfer. Certainly, the cost of conducting this litigation in Virginia will be higher than if it were conducted in Maryland, but the cost difference will not be exorbitant given that Charlottesville, Virginia is only 150 miles from CommerceFirst's headquarters in Annapolis, Maryland. Additionally, the cost of having witness Paul Elli, a resident of Albany, New York, attend will not be measurably different if the trial is held in Virginia or Maryland. As a result, I find that this factor weighs neither for or against a transfer to Maryland.

5. Possibility of Viewing Premises

This factor is inapplicable to this action because neither party has suggested that any physical location is relevant from an evidentiary standpoint.

6. Factors of Public Interest

Last, the public interest weighs against a transfer to Maryland. There is little reason to believe that a denial of transfer will result in prejudice or delay to the parties; instead, this Court may resolve the matter in an expeditious fashion. In addition, the applicable law at issue, while Maryland law, is not law that is overly complex or that requires a local court's resolution. As such, I find that the public interest will be served better if the request to transfer is denied.

In sum, I find that the factors weigh heavily against the transfer of this action to Maryland. CommerceFirst has not met its burden to overcome the weight given to the Rusts' choice of forum and, instead, the relevant factors suggest that a transfer to Maryland would simply shift the

inconvenience from CommerceFirst to the Rusts. Accordingly, I hereby deny CommerceFirst's request to transfer this matter to the District of Maryland. *See JTH Tax, Inc. v. Lee*, 482 F. Supp. 2d 731, 738 (E.D. Va. 2007) ("[E]ven though a defendant may be inconvenienced by litigating an action in a plaintiff's home district, a transfer is not appropriate where it would likely only serve to shift the balance of inconvenience from the plaintiff to the defendant.") (quotation omitted).

### III. CONCLUSION

For the foregoing reasons, I hereby DENY CommerceFirst's motion to dismiss for lack of jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2). In addition, I hereby DENY its request to transfer this action to the District of Maryland. (docket entry no. 8, 22).

It is so ORDERED.

The Clerk of the Court is hereby directed to send a certified copy of this Order to all counsel of record.

Entered this 14th day of May, 2008

NORMAN K. MOON
UNITED STATES DISTRICT JUDGE